**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-5131**

———————

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

       versus

JEROME MAUREASE JONES,

                              Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.   James C. Dever III,
District Judge.  (5:06-cr-00066-D)

———————

Submitted:  September 24, 2007      Decided:  October 9, 2007

———————

Before MICHAEL and TRAXLER, Circuit Judges, and WILKINS, Senior
Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Thomas  P.  McNamara,  Federal  Public  Defender,  G.  Alan  DuBois,
Assistant  Federal  Public  Defender,  Raleigh,  North  Carolina,  for
Appellant.   Anne  M.  Hayes,  Assistant  United  States  Attorney,
Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jerome Maurease Jones pled guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C.A. §§ 922(g)(1), 924 (West 2000 & Supp. 2007). He was determined to be an armed career criminal and sentenced to 230 months' imprisonment. His counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there were no meritorious issues for appeal, but raising for the court's consideration whether Jones' rights under the Fifth and Sixth Amendments were violated because his statutory sentence was increased based on prior convictions not in the indictment or proven beyond a reasonable doubt. Jones was given the opportunity to file a pro se supplemental brief, but declined. The Government did not file a brief. After reviewing the record, we affirm.

Jones did not dispute the fact of his prior convictions, and the fact of a prior conviction need not be proven beyond a reasonable doubt. Almendarez-Torres v. United States, 523 U.S. 224, 233-36, 243-44 (1998); United States v. Cheek, 415 F.3d 349, 351-54 (4th Cir.) (reaffirming continuing validity of Almendarez-Torres after United States v. Booker, 543 U.S. 220 (2005)). Thus, the district court was not required to make any factual findings concerning Jones' prior criminal record, but could rely on "the conclusive significance" of his record, see Shepard v. United States, 544 U.S. 13, 25 (2005), as set out in the presentence

- 2 -

report.  See United States v. Thompson, 421 F.3d 278, 285 (4th Cir. 2005) (sentencing judge entitled to rely on undisputed information in presentence report that "bears the earmarks of derivation from Shepard-approved sources such as the indictments and state-court judgments from [defendant's] prior convictions").  Therefore, we find the district court did not violate Jones' constitutional rights when it considered his prior convictions in determining his statutory sentence.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal.  We therefore affirm Jones' conviction and sentence.  This court requires that counsel inform Jones, in writing, of the right to petition the Supreme Court of the United States for further review. If Jones requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Jones.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED